PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD CHAPPELL, | ) |
|       Plaintiff, | ) CASE NO. 4:18CV0133 |
| v. | ) JUDGE BENITA Y. PEARSON |
| DR. JASON ROCK, *et al.*, | ) **MEMORANDUM OF OPINION** |
|       Defendants. | ) **AND ORDER** |
| | ) [Resolving ECF Nos. 2 and 3] |

*Pro Se* Plaintiff Ronald Chappell filed a Complaint (ECF No. 1) in this action against Drs. Jason Rock and Amanda Mason, and a "Patient Relations Supervisor" at Mercy Health Hospital.

Plaintiff alleges he was taken by ambulance to Mercy Health located in Boardman, Ohio for severe dizziness and headaches on January 1, 2018. ECF No. 1 at PageID #: 2, ¶ 8. He was a patient at Mercy Health located on Belmont Avenue in Youngstown, Ohio from January 2, 2018 until January 5, 2018. ECF No. 1 at PageID #: 1, ¶ 3. He told Dr. Mason, his attending physician at the Youngstown, Ohio location, he was experiencing these problems because, in November 2017, "a nurse intentionally tore off a piece of I.V. catheter in [his] vein and it moved . . . and is . . . possibly lodged in a vein in [his] head. ECF No. 1 at PageID #: 2, ¶ 9-10. Plaintiff told the doctor he did not know why the nurse would do that, and that he had initiated a hospital

investigation and attempted to initiate a FBI investigation into that act. ECF No. 1 at PageID #: 2, ¶ 11. He also told Dr. Mason he had several other "open FBI investigations into criminals/criminal groups and corrupt public officials in cahoots with them," and had a pending lawsuit "against public officials who attacked [him] viciously and lied trying to cover up the attack."[1] ECF No. 1 at PageID #: 3, ¶ 12.

Plaintiff contends Dr. Mason violated 42 U.S.C. §§ 1983 and 1985 because she did not perform the medical procedures and tests he desired to locate the I.V. piece allegedly lost in his circulatory system, but instead conspired with Dr. Rock to have him committed to the psychiatric unit of the hospital. ECF No. 1 at PageID #: 3-4, ¶¶ 16-17. Dr. Rock was the attending psychiatrist who visited Plaintiff in the Behavioral Health Unit of the hospital. Plaintiff alleges Dr. Rock told him Plaintiff was going to miss court deadlines, his lawsuit was going to be dismissed, and that he was not going to get any money. Dr. Rock also allegedly told Plaintiff he was going to get a court order to have the Plaintiff committed indefinitely for seeking medical care. ECF No. 1 at PageID #: 4, ¶ 17. Plaintiff asserts he was told by both doctors, after he informed them he was going to get released by a writ of habeas corpus, that if he did get out and return to the hospital for medical care, he would be committed to the Behavioral Health Unit or jailed. ECF No. 1 at PageID #: 4, ¶ 19.

---

[1] *See Chappell v. Woods et al*, No. 1:17-cv-00080 (S.D. Ohio filed Feb. 6, 2017) (prisoner civil rights complaint under 28 U.S.C. § 1915 alleging violations of his civil rights during his prior confinement as an inmate at the Southern Ohio Correctional Facility).

(4:18CV0133)

Plaintiff does not allege any specific constitutional provision or federal law he contends Defendants violated, but in the prayer for relief he seeks a declaration that the acts and omissions he describes violate the Constitution and laws of the United States. He also seeks monetary damages against each Defendant, an injunction barring Defendants from re-committing him to the Behavioral Health Unit if he seeks medical care, and an order requiring them to do all tests "necessary to locate/remove the I.V. piece in [his] circulatory system." ECF No. 1 at PageID #: 5-6. For the reasons stated below, Plaintiff's action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See Hill v. Lappin, 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 470-71 (holding that the dismissal standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). A complaint is frivolous when "it lacks an arguable basis either in

3

(4:18CV0133)

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* In other words, dismissal for frivolousness is appropriate where the "claims describ[e] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328. *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal is appropriate when the "facts alleged rise to the level of the irrational or the wholly incredible").

## II. Law and Analysis

Upon review, the Court finds that the Complaint (ECF No. 1) must be dismissed under 28 U.S.C. § 1915(e)(2)(B). Even liberally construed, it does not contain allegations reasonably suggesting Plaintiff has any plausible federal claim against Defendants. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Furthermore, Plaintiff's allegations in the case at bar fall within the realm of frivolousness. *See, e.g.*, *Rogers v. Ralles*, No. 2:14-CV-259, 2015 WL 566687 (W.D. Mich. Feb. 11, 2015) (dismissing complaint alleging that prison doctors and employees awakened him from his sleep by administering injections of unknown substances which altered his heart rate and mind set); *Henry v. Caruso*, No. 13-12881, 2014 WL 525032 (E.D. Mich. Feb. 7, 2014) (dismissing complaint premised on allegations that prison officials surgically implanted transmission devices into plaintiff's neck).

4

(4:18CV0133)

### III. Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is granted, his motion for an expedited ruling on his *in forma pauperis* motion (ECF No. 3) is denied as moot, and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
| February 12, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |